# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0128-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

T.N.,

     Defendant-Appellant.

_____

Submitted January 31, 2024 – Decided February 20, 2024

Before Judges Vernoia and Gummer.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 21-08-0428.

Jospeh E. Krakora, Public Defender, attorney for appellant (James A. Sheehan, Assistant Deputy Public Defender, of counsel and on the brief).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Timothy P. Kerrigan, Jr., Chief Assistant Prosecutor, on the brief).

Matthew J. Platkin, Attorney General, attorney for respondent Division of Child Protection and

Permanency (Christina Anne Duclos, Deputy Attorney
General, on statement in lieu of brief).

PER CURIAM

Defendant T.N. is charged with sexual assaults of two children, A.L. and

V.N., one of whom is his daughter.[1]  By leave granted, defendant appeals from

an order denying his request for the release of New Jersey Division of Child

Protection and Permanency (DCPP) records concerning its investigation of

reports to the agency concerning defendant's alleged sexual assaults.  We vacate

the trial court's order and remand for further proceedings.

The facts are undisputed.[2]  Defendant is charged in an indictment with

three counts of aggravated sexual assault, three counts of sexual assault, six

counts of endangering the welfare of a child, and one count of terroristic threats.

---

[1] We use initials to refer to defendant and the child victims to protect the privacy
of the victims of alleged sexual assaults and because records related to child
victims of alleged sexual assaults and the names of alleged victims of sexual
offenses are excluded respectively from public access under Rule 1:38-3(c)(9)
and (d)(12).

[2]  We accept the version of the facts set forth in defendant's brief and as
supported by defendant's appendix on appeal.  DCPP filed a letter stating it takes
no position on defendant's arguments on appeal.  The Passaic County
Prosecutor's Office subsequently filed a letter, which we accepted as its brief on
appeal, stating it joined in DCPP's position.  We therefore have available only
defendant's uncontested version of the facts.

The indictment alleges the crimes were committed between March 7, 2021, and May 5, 2021.

In May 2021, A.L.'s mother took her to a hospital after the six-year-old child reported that defendant had sexually penetrated her vagina with his fingers. A physician's assistant at the hospital contacted a Sexual Assault Nurse Examiner about A.L. The Sexual Assault Nurse Examiner then contacted the Passaic County Prosecutor's Office concerning the "six-year-old female sexual assault victim who was in the emergency room."

The Passaic County Prosecutor's Office conducted an investigation, which included forensic interviews of A.L. and V.N. and interviews with others, including defendant. The Prosecutor's Office also contacted DCPP, which advised it would investigate the incidents described by the children and also investigate V.N.'s mother, who allegedly had permitted defendant, a registered Megan's Law[3] offender, access to the children. DCPP investigated A.L. and V.N.'s allegations.

Following his indictment, defendant sought access to DCPP's investigation records. Defendant's counsel moved for an order compelling DCPP to produce its records and reports as to its "investigation of A.L. and

---

[3] N.J.S.A. 2C:7-1 to -23.

V.N.'s allegations of sexual abuse against defendant for an in camera inspection to determine whether such records and reports must be supplied to defendant." In his brief in support of the motion, defendant acknowledged that DCPP records are "confidential and may only be disclosed under certain circumstances" but noted N.J.S.A. 9:6-8.10a(b)(6) permits disclosure of DCPP records where a court finds that "access to such records may be necessary for determination of an issue before it." Defendant asserted the DCPP records should be reviewed by the court because they might reveal statements made by the children and other witnesses concerning the alleged sexual assaults that may be relevant to a challenge to testimony presented in support of the State's case at trial or might otherwise support a defense to the criminal charges.

In response to defendant's motion, the parties consented to the court's entry of an order directing that DCPP release to the court its "notes, interviews and investigation reports as to [its] investigation of A.L. and V.N.'s allegations of sexual abuse against defendant" for the court "to determine whether such records must be supplied to the defendant."

Following DCPP's production of the records, the court conducted an in camera inspection and rendered a decision from the bench concerning defendant's request for the records. The court first explained that it had reviewed

the records to determine if they included information about statements made by A.L. or V.N., or anyone else, during the DCPP investigation that concerned the alleged sexual assaults or any information showing A.L., V.N., or any other witness had "a motive to lie about the allegations."

The court cited State v. Cusick, 219 N.J. Super. 452 (App. Div. 1987), finding the decision required disclosure of otherwise confidential DCPP records where the information is essential to the resolution of an issue before a court, the information is unavailable from any other source, or the information "could have the effect of changing the outcome of [a] trial." The court then concluded that based on its review of DCPP records, the requested information "is available from another source, and . . . the information, if revealed, would not have an effect on changing the outcome of the trial." The court further opined that defendant's right to confrontation in his criminal trial "does not require the pretrial disclosure of any and all information that might be useful in contradicting unfavorable testimony[.]"

Based on those limited findings, the court concluded defendant was not entitled to disclosure of any of the DCPP records it had produced. The court entered an order denying defendant's request for release of the DCPP records.

We subsequently granted defendant's motion for leave to appeal from the court's order. In his brief on appeal, defendant presents a single argument, claiming the trial court incorrectly denied his motion for the release of the DCPP records.

A reviewing court "'generally defer[s] to a trial court's disposition of discovery matters unless the court has abused its discretion or its determination is based on a mistaken understanding of the applicable law.'" State v. Brown, 236 N.J. 497, 521 (2019) (quoting Pomerantz Paper Corp. v. New Cmty. Corp., 207 N.J. 344, 371 (2011)); see e.g., Hammock by Hammock v. Hoffman-LaRoche, Inc., 142 N.J. 356, 380 (1995) ("The questions whether to seal or unseal documents are addressed to the trial court's discretion."); N.J. Div. of Child Prot. & Permanency v. M.C., 456 N.J. Super. 568, 585 (App. Div. 2018) ("This court reviews a trial court's ruling on a motion for disclosure of privileged or confidential records under an abuse of discretion standard."). We need not, however, "'defer . . . to a discovery order that is well "wide of the mark," . . . or "based on a mistaken understanding of applicable law."'" State v. Wyles, 462 N.J. Super. 115, 122 (App. Div. 2020) (quoting State v. Hernandez, 225 N.J. 451, 461 (2016)). A court abuses its discretion when its decision is "made without a rational explanation, inexplicably departed from established policies,

or rested on an impermissible basis." Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (citation omitted). We apply these standards here.

Neither the prosecutor nor DCPP dispute that defendant may be entitled to disclosure of DCPP records concerning its investigation of A.L.'s and V.N.'s claims defendant sexually assaulted them. As recognized in Cusick, N.J.S.A. 9:6-8.10a provides that "[a]ll records of child abuse reports made" pursuant to N.J.S.A. 9:6-8.10, and all information obtained by DCPP "in investigating" reports of child abuse "shall be kept confidential and may be disclosed only" in accord with the express provisions of the statute, 219 N.J. Super. at 456 (quoting N.J.S.A. 9:6-8.10a(a)). N.J.S.A. 9:6-8.10a(b)(6) allows DCPP to release such records, "or parts thereof, to" "[a] court, upon its finding that access . . . may be necessary for determination of an issue before the court[,]" and the court may disclose the records "in whole or in part to [a] law guardian, attorney, or other appropriate person upon a finding that such further disclosure is necessary for determination of an issue before the court." Cusick 219 N.J. Super. at 456 (quoting N.J.S.A. 9:6-8.10a(b)(6)).

A decision whether to disclose DCPP records pursuant to N.J.S.A. 9:6-8.10a(b)(6) requires that a court first conduct an in camera inspection of the DCPP records in accordance with the principles established in Cusick. In

Cusick, we considered and approved the procedure employed by the trial court to determine whether otherwise confidential DCPP records concerning an investigation of an alleged sexual assault should be released to the defendant charged with the crimes arising from the assault. Id. at 454. We explained a court must first make a preliminary determination that access to the records concerning the alleged victim "may be necessary for the determination of the issue of credibility" at defendant's criminal trial such that it is appropriate for the court to conduct an in camera review of the records before deciding the defendant's request for their release. Id. at 457-59. Here, the State agreed an in camera review of the records was necessary; it entered into a consent order permitting the court's in camera review of the records.

In Cusick, we also approved the trial court's in camera review of the records, finding the court properly had considered whether disclosure was "essential to the resolution of an issue before the court" or "necessary for the conduct of the proceedings" and whether the "information contained in the records could be obtained from other sources through diligent inquiry." Id. at 457. Finding the record supported the trial court's determination that its analysis of those factors did not support disclosure of the records, we determined "the procedure employed by the trial court was proper in all respects" and the court's

8

decision not "to disclose the . . . records did not violate [the] defendant's Sixth Amendment right to confront witnesses or his Fifth Amendment right to due process." Id. at 459.

Here, the motion court's analysis, as described in its opinion, accurately paraphrased the factors we deemed pertinent to a disclosure-of-records determination under N.J.S.A. 9:6-8.10a(b)(6) in Cusick, but the court's denial of the disclosure request is untethered to any findings of fact permitting proper appellate review of its determination and conclusion. See R. 1:7-4. That is, although the court accurately noted that it was required under Cusick to determine whether the records included information essential to a resolution of issues presented in the criminal case, whether the information was available from another source, and whether the information could affect the outcome of defendant's trial, the court simply stated in a conclusory fashion that none of those factors supports the requested disclosure and denied defendant's motion.

A trial court is required to make specific findings of fact and conclusions of law supporting its determinations. R. 1:7-4(a). A court's "[f]ailure to make explicit findings and clear statements of reasoning [impedes meaningful appellate review and] 'constitutes a disservice to litigants, the attorneys, and the appellate court.'" Gnall v. Gnall, 222 N.J. 414, 428 (2015). Moreover, and as

9

noted, an abuse of discretion arises, in part, when a decision is "made without a rational explanation." Flagg, 171 N.J. at 571.

We discern from the motion court's limited findings that the DCPP records include at least some information that might be either "essential to the resolution of an issue before the court" or "necessary for the conduct of the proceedings." Cusick, 219 N.J. Super. at 457. That is because the court denied defendant's request, at least in part, based on a finding the records included "information" that is available from another source. That finding was unnecessary unless the court also found there was information in the records that would otherwise be subject to disclosure under the Cusick standard.

In addition, the court also supported its denial of defendant's request for the records based on an alternative finding that disclosure was not warranted because the "[C]onfrontation [C]lause of the Sixth Amendment does not require the pretrial disclosure of any and all information that might be useful in contradicting unfavorable testimony, as the [C]onfrontation [C]lause would solely be a trial right." The court's statement is an apparent reference to the Supreme Court's finding in Pennsylvania v. Ritchie that disclosure to a criminal defendant of all confidential child abuse related records is not required under the Confrontation Clause because it "only guarantees 'an opportunity for

effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.'" 480 U.S. 39, 53 (1987) (citation omitted). However, we considered <u>Ritchie</u> in our analysis in <u>Cusick</u>, including <u>Ritchie</u>'s holding that a defendant's right to a fair trial is protected by allowing access to otherwise confidential records following a court's in camera review. <u>Cusick</u>, 219 N.J. Super at 462-63.

Thus, the motion court's determination it could properly deny defendant's request for disclosure of the records simply because the Confrontation Clause does not require the pretrial disclosure of all information that might be useful in in a defendant's challenge to unfavorable testimony did not provide an alternative basis to deny defendant's request here. As the Supreme Court made clear in <u>Ritchie</u>, 480 U.S. at 60, and as we explained in <u>Cusick</u>, 219 N.J. Super at 462-63, it is only a proper in camera inspection of otherwise confidential child abuse records that guarantees a defendant the right to a fair trial in a related criminal proceeding. That is what defendant argues did not take place here. Accordingly, to the extent the court relied on its finding concerning the application of the Sixth Amendment as an alternative basis for denying defendant's motion, it erred by misapplying the Supreme Court's holding in <u>Ritchie</u>, and ours in <u>Cusick</u>.

The absence of appropriate findings of fact and the court's apparent misapplication of the law require reconsideration of the court's decision and order. For those reasons, we vacate the court's order and remand for further proceedings. On remand, the court must make appropriate findings permitting appellate review. Those findings must include but are not limited to: whether the DCPP records include any statements, reports, or notes concerning or referring to any statements made by A.L. and V.N. or any other witnesses related to the alleged sexual assaults; and whether the records otherwise contain any other information pertaining to the sexual assaults. The court must also make findings of fact supporting its determinations, if made, that information in the records should not be turned over because it may be obtained elsewhere, and if so, where the information may be obtained. The court must also make findings supporting any determination that otherwise pertinent information will not be disclosed because it is not necessary for a determination of issues at defendant's trial or would not affect the outcome.

The court shall otherwise make any other factual determinations supporting its determination concerning the defendant's motion for release of the information as are pertinent to its final decision. See R. 1:7-4(a). The court shall conduct such proceedings as it deems appropriate on remand to permit a

12

decision on defendant's motion in accordance with the applicable legal principles. In the court's discretion, the court may permit and consider further briefs, submissions, and argument by the parties. Our decision to remand the matter shall not be interpreted as expressing a decision on the merits of defendant's motion.

Vacated and remanded for further proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0128-23